IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| STEPHANIE CLOVER,<br><br>  Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. d/b/a<br>FAMILY DOLLAR and<br>JOHN DOES NOS. 1-10,<br><br>  Defendants. | Civil Action<br>File No.:  **CV 322-060** |

### PETITION OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Southern District of Georgia, Dublin Division:

COMES NOW, Dollar Tree Stores, Inc. by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1. A civil action has been filed and is now pending in the Superior Court of Laurens County, State of Georgia, designated as Civil Action File No.: 22-CG-0267-DG.

2. The Summons and Complaint in that action were filed in the State Court of Laurens County on April 25, 2022. Defendant was served on May 9, 2022. Thus, Dollar Tree timely files this Petition for Removal.

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. §1446. (Attached hereto as **Exhibit "A"**).

4. Defendant Dollar Tree is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

5. Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. In her Complaint, Plaintiff has filed suit against Dollar Tree, alleging she sustained injuries in a fall on an uneven walkway near the entrance of a retail store. In order to treat her injuries, she alleges she incurred medical expenses in excess of $98,000. She likewise claims she will continue to endure pain and suffering and seeks damages for lost wages and future medicals.

In Harris v. Bloomin' Brands, Inc., 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, based on Ms. Clover's allegations contained in her Complaint, her allegations are similar to the above recent cases, and it is clear that the jurisdictional minimum is met here.

7.      Defendant is not citizens of the State in which the State Court action is brought.

8.      The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this

Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

9. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the Superior Court of Laurens County, Georgia marked as **Exhibit "B."**

10. This action is currently pending in the Superior Court of Laurens County, Georgia, which is within the jurisdiction of the Southern District of Georgia, Dublin Division. 28 U.S.C.A. § 1446(a).

11. Defendant attaches a copy of the answer it filed in Superior Court, which is attached hereto as **Exhibit "C."**

This 7th day of June, 2022.

        Goodman McGuffey LLP
        Attorneys for DOLLAR TREE STORES, INC

By: */s/James T. Hankins, III*_____
     JAMES T. HANKINS, III
     GA Bar No. 188771
     jhankins@GM-LLP.com
     MATTHEW P. MATOVICH
     Ga Bar No. 431057
     mmatovich@GM-LLP.com
     3340 Peachtree Road NE, Suite 2100
     Atlanta, GA 30326-1084
     (404) 264-1500 Phone
     (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| STEPHANIE CLOVER,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. d/b/a<br>FAMILY DOLLAR and<br>JOHN DOES NOS. 1-10,<br><br>    Defendants. | Civil Action<br>File No.:    22-CG-0267-DG |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this **Petition of Removal** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

David Dozier, Esq.
Dozier Law Firm, LLC
327 Third Street
Macon, GA 31201
david@dozierlaw.com

This 7th day of June, 2022.

*/s/James T. Hankins, III*
JAMES T. HANKINS, III
GA Bar No. 188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax